UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TYLER J. GORE,

          Petitioner,

v.                                                          Case No. 5:04-cv-233-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 2001 Marion County jury-trial convictions for first-degree murder, home invasion robbery, and robbery with a firearm, for which Petitioner received a life sentence and two 30-year sentences. The Respondents have filed a Response and a Supplemental Response (Docs 13 and 22), and Petitioner has replied to the Responses (Docs. 14 and 25). Upon due consideration of the Petition, the Responses, the state-court record contained in Respondent's Appendix, and Petitioner's replies, the Court concludes that the Petition must be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**Background**

On direct appeal, Petitioner's court-appointed counsel filed a motion to withdraw and an Anders[2] brief representing that there were no meritorious grounds for appeal. App. tab C. Counsel's Anders brief specifically identified as a non-meritorious ground for appeal the trial court's denial of a jury instruction on third-degree murder as a lesser-included offense. Id. Petitioner did not file a response to counsel's motion to withdraw and Anders brief. Counsel was permitted to withdraw, and the state appellate court affirmed Petitioner's convictions per curiam without opinion. Gore v. State, 810 So.2d 956 (Fla. App. 5th Dist. 2002).

Petitioner then filed a motion for postconviction relief pursuant to Rule 3.850, raising the following issues: (1) that he was entitled to appointed counsel to represent him on postconviction review; and (2) that trial counsel rendered constitutionally ineffective assistance by (A) misinforming him as to the use of his prior convictions as impeachment, and thereby dissuading Petitioner from testifying on his own behalf; (B) by failing to timely object to the admission of autopsy photographs of the victim; and (C) by failing to file a motion to suppress the recorded statements made by Petitioner to law enforcement officers following his arrest. App. tab F.

After conducting an evidentiary hearing at which Petitioner and Petitioner's trial counsel, Douglas Kirkland, testified, the trial court denied relief. App. tab F. The

---

[2]Anders v. California, 386 U.S. 738 (1967).

trial court first denied Petitioner's motion for appointment of postconviction counsel, finding that the issues presented were not complex and that appointment of counsel was unnecessary. Id. The trial court then expressly found that Mr. Kirkland was "a credible witness" at the evidentiary hearing. Id. The Court found that Mr. Kirkland had accurately advised Petitioner as to the potential consequences of testifying with respect to disclosure of Petitioner's prior felonies, and that Petitioner had knowingly and intelligently waived his right to testify on the record at trial. Id. With respect to admission of autopsy photographs into evidence, the Court noted that Mr. Kirkland did properly object to such admission at trial, and that the Court had found that the photographs were not gruesome or inflammatory and were properly used by the medical examiner to testify as to the victim's injuries and cause of death. Id. Finally, the Court found that there was no basis for Mr. Kirkland to file a motion to suppress Petitioner's incriminating statements to law enforcement, and that had counsel filed such a motion it would have been denied. Id. The state appellate court affirmed the denial of relief without opinion.     Id. tab I.

### Petitioner's Claims

Petitioner filed the instant habeas petition stating the following grounds for relief: (1) the trial court erred in failing to instruct the jury on a lesser included offense; (2) the trial court erred in denying his motion for appointment of postconviction counsel; (3) trial counsel rendered constitutionally ineffective assistance by (A) advising Petitioner not to testify; (B) failing to object to the

admission of autopsy photographs of the victim; and (C) failing to file a motion to suppress Petitioner's recorded statements. Doc. 1.

## Timeliness of Petition

The Respondent concedes that the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1). Doc. 22.

## Procedural Bar and Cognizable Claims

Respondent contends that Petitioner failed to exhaust his state remedies with respect to his first issue, the denial of a jury instruction on a lesser included offense. Id.

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[3] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[4]

---

[3] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[4] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioners' pro se status does not alone amount to good cause.[5]

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[6] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[7] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[8] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[9] A full and fair opportunity involves the proper presentation of the federal constitutional claim.[10] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[11]

The Petitioner argues that this issue was exhausted because it was raised in counsel's Anders brief, but that even if it was not exhausted he can show cause and

---

[5] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

[6] Castille v. Peoples, 489 U.S. 346, 349 , reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).

[7] Picard v. Connor, 404 U.S. 270, 277 (1971).

[8] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[9] Id.

[10] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[11] Coleman v. Thompson, 501 U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991).

prejudice for the default and the asserted trial error represents a miscarriage of justice meriting federal habeas relief.  Doc. 25.

The Court concludes that Petitioner failed to exhaust this issue in the state courts.  The issue was raised in trial counsel's Anders brief as a non-meritorious ground for appeal, and no argument was made that the alleged error deprived Petitioner of his federal constitutional rights.  Petitioner failed to file a response to counsel's Anders brief pressing this claim.  See App. tab C.  Moreover, although Petitioner conclusionally alleges that he can show cause and prejudice for the default, he cites only his pro se status as cause, which is insufficient.[12]  Under the circumstances presented, the Court concludes that Petitioner did not exhaust Ground 1 and is now procedurally barred from doing so.[13]

Petitioner's second ground is also not cognizable on federal habeas review. There is no constitutional right to postconviction counsel.[14]  Accordingly, the state court's denial of a motion for appointment of postconviction counsel does not present a cognizable habeas claim.

---

[12] See Harmon, 894 F.2d at 1275.

[13] Upshaw, 70 F.3d at 578-579 (11th Cir. 1995).  Even if Petitioner were not procedurally barred from pursuing this claim, the Court would find that it is not cognizable on federal habeas review because the claim concerns the state court's interpretation of state law on lesser included offenses and does not present a federal constitutional issue.  Although Petitioner contends that he has shown a denial of due process, a claim that federal due process has been denied because state officials failed to correctly apply state law is merely a state law claim "couched in terms" of a federal claim, and fails to state a claim upon which relief may be granted by habeas corpus.  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989).

[14] Coleman v. Thompson, 501 U.S. 722, 756-57 (1991).

**Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[15] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[16] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[17]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[18] The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[19] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[20]

---

[15] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[16] See 28 U.S.C. § 2254(d)(1).

[17] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[18] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[19] See 28 U.S.C. § 2254(e)(1).

[20] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## **Ineffective Assistance of Counsel**

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[21]  Both prongs must be shown in order to succeed on an ineffective-assistance claim.  Further, to prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors.

### A. **Waiver of Right to Testify**

The state trial court on postconviction review rejected Petitioner's claim that trial counsel was ineffective with respect to his advice regarding whether Petitioner should testify at trial.  App. tab F.  Petitioner has pointed to nothing in the record that refutes the trial court's explicit findings that counsel correctly advised Petitioner and that Petitioner knowingly and intelligently waived his right to testify on the record.  See App. tab F.  The trial transcript reflects that the trial court inquired whether Petitioner wished to testify, that he had been advised of his right to testify or not to testify, and that Petitioner's decision not to testify was his own.  App. tab B at 404.  Accordingly, the Petitioner has shown no error in the trial court's conclusion that counsel's performance was not deficient.  Moreover, Petitioner has not demonstrated that the outcome of the trial would have been different but for

---

[21] Strickland v. Washington, 466 U.S. 668, 688 (1984).

counsel's asserted errors. At the evidentiary hearing on his postconviction motion, Petitioner testified that he "wanted to tell my side of the story," but offered no testimony or evidence that would call the guilty verdict into doubt. App. tab F. Under these circumstances, Petitioner has failed to demonstrate that counsel's errors, if any, prejudiced Petitioner such that habeas relief is warranted.

### B. Admission of Autopsy Photos

Petitioner contends that his trial counsel failed to properly object to the admission of autopsy photos of the victim, and states that this issue was not addressed at the evidentiary hearing on his postconviction motion. Doc. 25. A review of the record reflects that Petitioner did not offer any evidence or testimony on this issue at the postconviction evidentiary hearing. See App. tab. F. However, the trial court made explicit findings on this issue based on the trial record, noting that counsel did make appropriate objections at trial and that the photographs were properly admitted. Id. Thus, there is no merit to Petitioner's claim that counsel failed to object. The Court overruled the objections and admitted the photographs, which the Court also found were not "inflammatory or gruesome." Id. Petitioner has failed to show either that counsel performed deficiently in this regard, or that the outcome of the trial would have been different but for counsel's asserted errors. Under these circumstances, Petitioner has failed to demonstrate that habeas relief is warranted.

### C. Admission of Petitioner's Recorded Statements

Petitioner contends that his trial counsel rendered ineffective assistance by failing to suppress his "involuntary" statements to law enforcement officials. Doc. 25. The trial court found that even if counsel had moved to suppress the statements the Court would have denied the motion. App. tab. F. Petitioner points to no evidence supporting his claim that his statements were involuntary such that counsel erred in failing to move to suppress them, nor does Petitioner convincingly explain how the outcome of the trial would have been different, given that the trial court stated that the statements would have been admitted over counsel's objection. The trial court heard the taped statements played at trial, reviewed the trial transcript on postconviction review, and concluded that there was no indication in the record that the confession was other than voluntary and knowing. See App. tab F. Under these circumstances, Petitioner has failed to demonstrate that his trial counsel either rendered ineffective assistance such that federal habeas relief is warranted.

### Conclusion

For the foregoing reasons, the Petition is **DENIED** with. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 3rd day of October 2007.

_[signature]_

UNITED STATES DISTRICT JUDGE

c: Tyler Gore
   Counsel of Record

10